STATE OF VERMONT

ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| In re: Appeal of | } | |
| J.D. Associates | } | Docket No. 36-2-00 Vtec |
|   | } | |
|   | } | |

Decision and Order on Motions for Summary Judgment

Appellant appealed in this matter[1] from a December 1999 decision of the Development Review Board (DRB) of the Town of Morristown granting conditional use approval to Appellee-Applicant North Country Animal League as a "community facility." Appellant is represented by Harold Stevens, Esq.; Appellee-Applicant is represented by Jeff W. Lively, Esq.; the Town is represented by Amanda Lafferty, Esq. The appeal is an on-the-record appeal; the parties have not yet determined whether any portion of the audio-taped proceedings before the DRB should be transcribed for the Court's use.

Appellee-Applicant's Motion for Partial Summary Judgment

Appellee-Applicant had moved to dismiss this appeal as untimely. The Court had denied the motion without prejudice to its renewal as a motion for partial summary judgment if material facts regarding the circumstances of the filing of the appeal could be established as undisputed. It has been so renewed.

The Court has no jurisdiction of an appeal from a decision of the Development Review Board if Appellant's notice of appeal was not timely filed. The decision in the present appeal was made orally on the minutes of the DRB's meeting on December 9, 1999; the written decision was signed on December 21, 1999, and the decision was mailed out on December 27, 1999. The DRB was only required to send the decision by

_____

[1] Another related appeal of an earlier plan is still pending in Docket No. 83-5-99 Vtec.

1

certified mail to the appellant or applicant in the proceeding before it, not to the other interested parties (such as J.D. Associates) which then appealed the decision to this court.

Appellant was required to filed its notice of appeal with the clerk of the Development Review Board within the time provided in V.R.A.P. 3 and 4, that is, 30 days from issuance of the decision by the DRB. V.R.C.P. 76(e)(2). In the present case, the time for filing the notice of appeal began to run when the decision was issued, which is arguably December 21, but certainly no later than December 27, 1999, the date it was mailed.

Appellant agrees that it filed its notice of appeal[2] on January 27, 2000, 31 days after the decision was mailed, but Appellant argues that it should be allowed three extra days for mailing under V.R.C.P. 6(e). However, under V.R.C.P. 6(e), the three extra days for mailing are provided only when the required act is triggered by the service of a document upon the party, and that service was accomplished on the party by mail. The three extra days are not given when the required act is required by statute or by order of the court (even if the court order is sent to the party by mail). Accordingly, the appeal was not timely filed, and this Court lacks jurisdiction of it.

Appellant also moved for summary judgment that the proposed kennel does not fall within the definition of "community facility" in §280 of the Zoning Bylaws. Because we have ruled that the Court lacks jurisdiction of this appeal, we do not reach this question in the above-captioned case. If Docket No. 83-5-99 Vtec is not moot and will be litigated, and if Appellants wish to raise this issue in that case, the Court will address it.

Accordingly, based on the foregoing, Appellee-Applicant's Motion for Summary

---

[2] The Zoning Administrator's affidavit states that the notice of appeal was accompanied by an unsigned check, but neither Appellee-Applicant nor the Town argues that the date should be counted from whatever later date the fee was actually paid.

2

Judgment is GRANTED. The appeal was not timely filed, and this Court lacks jurisdiction of it. On or before December 1, 2000, each party shall file in writing its position as to whether this decision in the present case renders Docket No. 83-5-99 Vtec moot; we will hold a telephone conference on December 7, 2000, to discuss the status of both cases.

Done at Barre, Vermont, this 17th day of November, 2000.

_____
Merideth Wright
Environmental Judge

3